# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

ASHAUNTI QUANTAY PROWELL,

    Plaintiff,

    v.

ANOKA COUNTY, MINNESOTA,
JULIE _____, DR. RICHARD ALPER,
JOHN DOE DAR, DIANE LINNGREN,
PAM _____, DA, PK, A. ANDERSON,
Lt. HENDRICKSON, MERCY HOSPITAL,
ALLINA HOSPITALS & CLINICS, DR.
ANDREW SCHOCK, MICHELLE _____,
DENISE KAEHLER, TERESA MEYER,
TORE DELTIE, YASER EL-HAMMAMY,
DANIEL C. RANDA, JEFFERY J.
ROBERG, MARTIN ZADNIK, DR. ROACH,
LINDA LOKEN, KAREN LANE, CHERYL
ALBERTS, and DIANE GRINDE,

    Defendants.

_____

Civil No. 09-2409 (JRT/JJK)

**REPORT AND RECOMMENDATION**

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

    Plaintiff, a federal prisoner, commenced this action by filing a self-styled complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not pay

the $350 filing fee for this action, but he instead filed the IFP application that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA").  This means, <u>inter alia</u>, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $38.53.  However, Plaintiff did not tender his initial partial filing fee with his complaint and IFP application.  Therefore, by order dated September 11, 2009, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $38.53 within twenty days.  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so.  Indeed, Plaintiff has not communicated with the Court at all since he filed this action.  Therefore, in accordance with the Court's prior order of September 11, 2009, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  <u>See</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to

2

pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 13, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 30, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.