**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ashaunti Quantay Prowell,

      Plaintiff,

  v.

Anoka, County of Minnesota, Inc., et al., in their Individual and Official Capacities; Julie, RN; Dr. Richard Alper; John Doe Dar, RN; Diane Linngren; Pam, RN; DA, RN; PK, Staff; A. Anderson, RN; Lt. Hendrickson; Mercy Hospital; Allina Hospitals & Clinics; Dr. Andrew Schock; Michelle, RN; Denise Kaehler; Teresa Meyer; Tore Deltie, MD; Yaser El-Mammamy; Daniel C. Randa; Jefferey J. Roberg; Martin Zadnik; Dr. Roach; Linda Loken; Karen Lane; Cheryl Alberts; and Diane Grinde;

      Defendants.

Civ. No. 09-2409 (JRT/JJK)

**REPORT AND RECOMMENDATION**

---

    Plaintiff, a federal prison inmate, is seeking relief for injuries that he allegedly sustained in 2006, while confined at the Anoka County Jail in Anoka, Minnesota. The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

---

[1] When Plaintiff commenced this action, he did not tender the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The Court directed Plaintiff to pay an initial partial filing fee in the amount of $38.53, pursuant to 28 U.S.C. § 1915(b)(1). (See Order dated September 11, 2009; [Docket No. 3].) Shortly thereafter, Plaintiff remitted his initial partial filing fee, but the Clerk's Office failed to properly record that payment. Because it appeared that Plaintiff had not paid his initial partial filing fee as ordered, the Court recommended that this action should be summarily dismissed for failure to prosecute. (Report and Recommendation dated

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against 20 of the 26 Defendants listed in the caption of his Complaint. The Court will therefore recommend that this action be dismissed as to those 20 Defendants, pursuant to 28 U.S.C. § 1915A(b).

**I. BACKGROUND**

Plaintiff alleges that on November 19, 2006, he was confined at the Anoka County Jail in Anoka, Minnesota. On that date, he allegedly slipped and fell on a wet floor at the jail, and fell down a flight of stairs. Plaintiff injured his back as a result of his fall, and he was taken to Mercy Hospital in Coon Rapids, Minnesota, for treatment of his injuries. (Complaint, p. 6.)

At Mercy Hospital, Plaintiff allegedly was examined and treated by several doctors, including Defendants Jeffrey Roberg, Yasser El-Hammamy, Andrew Schock, Martin Zadnik, Daniel C. Randa, and Tore Deltie. According to the Complaint, these six doctors at Mercy Hospital misdiagnosed Plaintiff's injuries, and they falsely accused Plaintiff of "malingering." (Id., pp. 6-10.) Plaintiff claims that these doctors violated his constitutional rights under the Eighth Amendment, because they were deliberately indifferent to his medical needs when they treated him at Mercy Hospital. (Id., pp. 11-16.)

On or about November 27, 2006, Plaintiff allegedly returned to the Anoka County

---

October 13, 2009; [Docket No. 4].) Plaintiff objected to that recommendation, pointing out that he had indeed paid the required fee. The Clerk's Office then acknowledged Plaintiff's fee payment, and properly recorded it. The District Court Judge then declined to dismiss the case, but instead remanded the case back to this Court for further consideration of Plaintiff's IFP application and complaint. (See Order dated November 13, 2009; [Docket No. 7].) Thus, the matter is now before the Court so that Plaintiff's Complaint can be "screened" pursuant to 28 U.S.C. § 1915A.

Jail, where he apparently remained for several months, before being transferred to a federal prison facility. Plaintiff claims that because his injuries were not properly diagnosed by the doctors at Mercy Hospital, he did not receive proper care for his injuries during his post-injury tenure at the Anoka County Jail. As explained in the Complaint, "because of the erroneous reports given by Mercy Hospital staff, [Plaintiff] was treated as if he were actually malingering." (Id., p. 10.)

Plaintiff is now attempting to sue Anoka County, Mercy Hospital, the six doctors who allegedly treated him at Mercy Hospital, and eighteen other parties listed in the caption of the complaint. Plaintiff is seeking relief under 42 U.S.C. § 1983, claiming that all of the named Defendants violated his Eighth Amendment rights, by failing to properly treat the injuries he sustained when he slipped and fell at the Anoka County Jail. He is asking for a judgment against Defendants in the amount of $150,000,000.00 for compensatory damages, plus an additional $350,000,000.00 for punitive damages. (Id., p. 17.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue various alleged governmental actors, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, it must be summarily dismissed pursuant to § 1915A(b).

3

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendants under some cognizable legal theory.  While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law."  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).  <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a <u>pro se</u> complaint must contain specific facts supporting its conclusions"); <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>Speed v. Ramsey County</u>, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).  In other words, civil rights claimants must plead facts showing <u>each named defendant's personal involvement</u> in alleged constitutional wrongdoing.  <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999).  <u>See</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").  Thus, in order to state an actionable § 1983 claim,

a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights.

Here, Plaintiff has failed to state an actionable § 1983 claim against at least 20 of the 26 Defendants that he is attempting to sue, because his Complaint does not describe anything that any of those 20 Defendants did, or failed to do, that allegedly violated Plaintiff's constitutional rights under the Eighth Amendment, (or otherwise).

Sixteen of the named Defendants are never even mentioned in any of the substantive allegations of Plaintiff's Complaint. These sixteen unmentioned Defendants are identified in the caption of the complaint as Julie, John Doe Dar, Diane Linngren, Pam, DA, PK, A Anderson, Lt. Hendrickson, Allina Hospitals & Clinics, Michelle, Denise Kaehler, Teresa Meyer, Dr. Roach, Linda Loken, Karen Lane, and Cheryl Alberts. Plaintiff's Complaint does not describe any specific act or omission by any of these individual Defendants that could be viewed as a violation of Plaintiff's federal constitutional rights. Therefore, Plaintiff's Complaint fails to state a cause of action against any of these sixteen unmentioned Defendants.

The Court also finds that Plaintiff has failed to state an actionable § 1983 claim against four other named Defendants – Anoka County, Mercy Hospital, Dr. Richard Alper, and Dianne Grinde. Although these four Defendants are mentioned in the substantive allegations of the Complaint, Plaintiff has not described any specific acts or omissions by any of these four Defendants that could be viewed as a violation of his constitutional rights.

**(a) Anoka County and Mercy Hospital**

Plaintiff has not described <u>any</u> specific acts or omissions by Anoka County or Mercy

5

Hospital. Instead, it appears that he is attempting to sue these two Defendants based solely on certain alleged acts or omissions by their respective employees. In other words, Plaintiff seems to be claiming that Anoka County and Mercy Hospital should be held vicariously liable, under the doctrine of respondeat superior, for the alleged misconduct of their subordinates. It is well settled, however, that the doctrine of <u>respondeat</u> <u>superior</u> is not applicable to § 1983 claims. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). Because Plaintiff has not alleged any facts showing that his constitutional rights were violated by Anoka County itself, or by Mercy Hospital itself, he has failed to plead an actionable civil rights claim against either of those two Defendants.

**(b) Dr. Richard Alper**

Defendant Dr. Richard Alper is identified as "a doctor at the Anoka County Jail." (Complaint, p. 2.) Other than this identifier, the only reference to Dr. Alper in the Complaint is the allegation that on December 1, 2006, Defendant Alper allegedly gave Plaintiff a prescription for "a drug called Neurotin for back pain and Tylenol with Codeine for the headaches Plaintiff was experiencing." (<u>Id</u>., p. 10.) Even with the benefit of liberal construction, this allegation is not sufficient to state an actionable Eighth Amendment claim against Defendant Alper. In order to proceed with such a constitutional claim, Plaintiff would have to allege specific facts about a Defendant's wilful indifference to a prisoner's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). An allegation that Dr. Alper treated the pain that Plaintiff allegedly was experiencing is insufficient. Thus, the Court finds that Plaintiff has not pleaded an actionable § 1983 claim against Defendant Alper.

6

### (c) Diane Grinde

Finally, the Court finds that Plaintiff's Complaint fails to state an actionable § 1983 claim against Defendant Diane Grinde. Defendant Grinde is identified as "an Inspector of the Minnesota Department of Corrections in the Inspections and Enforcement Unit." (Complaint, p. 5.) Plaintiff alleges that he wrote a letter to Defendant Grinde approximately two weeks after he was injured at the Anoka County Jail. (Id., p. 10.) The letter informed Defendant Grinde about certain circumstances that allegedly contributed to Plaintiff's fall at the Jail, i.e., "the substandard quality of the shower shoes provided by the Anoka County Jail, the lack of grip pads in an area where it was obvious falls could occur due to a wet floor, and the total lack of CAUTION signs." (Id.) Plaintiff presents no specific facts about anything that Defendant Grinde did that could amount to an Eighth Amendment claim. There are no allegations suggesting that Plaintiff was injured, or that his injuries were exacerbated, because Defendant Grinde was deliberately indifferent to his well-being. It appears that Plaintiff is attempting to sue Defendant Grinde simply because she allegedly failed to take certain actions that could prevent future injuries to other inmates, but this would not support this Plaintiff's Eighth Amendment claim because Plaintiff has not alleged any facts suggesting that Defendant Grinde caused Plaintiff's injuries, or made his injuries worse. Therefore, Plaintiff's Complaint fails to state an actionable § 1983 claim against Defendant Grinde.

### III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed as to the following 20 named Defendants: Julie, John Doe Dar, Diane Linngren, Pam, DA, PK, A Anderson, Lt. Hendrickson, Allina Hospitals & Clinics, Michelle,

Denise Kaehler, Teresa Meyer, Dr. Roach, Linda Loken, Karen Lane, Cheryl Alberts, Anoka County Jail, Mercy Hospital, Dr. Richard Alper, and Diane Grinde.  The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other six named Defendants – Andrew Schock, Tore Deltie, Yaser El-Mammamy, Daniel C. Randa, Jeffrey J. Roberg, and Martin Zadnik.  Plaintiff will be allowed to pursue his claims against those Defendants at this time, without prejudice to any defenses those Defendants may seek to raise in this matter.

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's claims against Defendants Julie, John Doe Dar, Diane Linngren, Pam, DA, PK, A Anderson, Lt. Hendrickson, Allina Hospitals & Clinics, Michelle, Denise Kaehler, Teresa Meyer, Dr. Roach, Linda Loken, Karen Lane, Cheryl Alberts, Anoka County Jail, Mercy Hospital, Dr. Richard Alper, and Diane Grinde, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2.  Plaintiff's claims against the remaining Defendants in this case be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Date:   November 23, 2009

   s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 8, 2009**, a writing which

specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.