**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

ASHAUNTI QUANTAY PROWELL,

    Plaintiff,

v.

JEFFREY J. ROBERG, ANDREW SCHOCK, LINDA LOKEN, MARTIN ZADNIK, TORE DETLIE, DANIEL RANDA, YASSER EL-MAMMAMY, PK, and DIANE GRINDE,

    Defendants.

Civil No. 09-2409 (JRT/JJK)

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Plaintiff recently filed a third amended complaint, (Docket No. 43), seeking relief for violations of his federal constitutional rights, which allegedly occurred while he was confined at the Anoka County Jail in Anoka, Minnesota. The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against one of the Defendants named in his third amended complaint – Diane Grinde. The Court will therefore recommend that this action be dismissed as to Defendant Grinde, pursuant to 28 U.S.C. § 1915A(b).

## II. DISCUSSION

Plaintiff is attempting to sue various health care providers who allegedly failed to give him proper medical care for certain injuries that he allegedly sustained while he was confined at the Anoka County Jail. However, there are no allegations in the third amended

complaint which suggest that Defendant Grinde played any role in the treatment of Plaintiff's alleged injuries. The allegations against Grinde, repeated verbatim and in their entirety, are as follows:

> "Due to the treatment of the Plaintiff at the Anoka County Jail the Plaintiff wrote a letter to the Minnesota Department of Corrections Inspection and Enforcements senior supervisor (i.e. Diane Grinde hereinafter Defendant Grinde) on November 31, [sic] 2006. Subsequent to the letter Defendant Grinde responded to the letter about the safety concerns at the Anoka County Jail that contributed to the Plaintiffs injuries and assured the Plaintiff that:
> > 'theres [sic] nothing in the standards that require 'grip pads' and if i [sic] have concerns about new shower shoes or my safety contact a sergeant'
>
> Defendant Grinde acted deliberately indifferent to the Plaintiffs medical needs by failing to correct the problems in the facility that Plaintiff incurred his injury at which she knew that the facility was unsafe."

(Third Amended Complaint, p. 5, ¶ 8).)

Plaintiff attempted to present a similar claim against Defendant Grinde in his original complaint. (Docket No. 1.) However, Plaintiff's previous attempt to sue Defendant Grinde was found to be fatally defective, for reasons discussed in this Court's earlier Report and Recommendation, ("R&R"), in this case. (See R&R dated November 23, 2009; [Docket No. 10].) In that prior R&R, the Court assessed Plaintiff's initial claim against Defendant Grinde as follows:

> "Defendant Grinde is identified as 'an Inspector of the Minnesota Department of Corrections in the Inspections and Enforcement Unit.' (Complaint, p. 5.) Plaintiff alleges that he wrote a letter to Defendant Grinde approximately two weeks after he was injured at the Anoka County Jail. (Id., p. 10.) The letter informed Defendant Grinde about certain circumstances that allegedly contributed to Plaintiff's fall at the Jail, i.e., "the substandard quality of the shower shoes provided by the Anoka County Jail, the lack of grip pads in an area where it was obvious falls could occur due to a wet floor, and the total lack of CAUTION signs." (Id.) Plaintiff presents no specific facts about anything that Defendant Grinde did that could amount to an Eighth Amendment claim. There are no allegations suggesting that Plaintiff was

2

> injured, or that his injuries were exacerbated, because Defendant Grinde was deliberately indifferent to his well-being. It appears that Plaintiff is attempting to sue Defendant Grinde simply because she allegedly failed to take certain actions that could prevent future injuries to other inmates, but this would not support this Plaintiff's Eighth Amendment claim because Plaintiff has not alleged any facts suggesting that Defendant Grinde caused Plaintiff's injuries, or made his injuries worse. Therefore, Plaintiff's Complaint fails to state an actionable § 1983 claim against Defendant Grinde."

(Id., at p. 7.)

The District Court adopted this Court's earlier Report and Recommendation, and Plaintiff's initial claim against Defendant Grinde was summarily dismissed. (See Order dated December 23, 2009; [Docket No. 15].)

Plaintiff's current attempt to sue Defendant Grinde, as set forth in his third amended complaint, suffers from the same defects that were found in the initial complaint. Once again, Plaintiff has not described any acts or omissions by Defendant Grinde that could be viewed as a violation of his rights under the Eighth Amendment – or under any other provision of the federal Constitution. Plaintiff has merely alleged that Defendant Grinde failed to correct an allegedly hazardous condition that was brought to her attention after Plaintiff was injured. Grinde cannot be held liable for any injury resulting from that condition, because there are no allegations suggesting that she was aware of the allegedly hazardous condition before Plaintiff was injured. Furthermore, Plaintiff is no longer confined at the institution where the allegedly hazardous condition existed, so he cannot seek any prospective relief with regard to that condition. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) ("an inmate's claims for declaratory and injunctive relief to improve prison conditions [are] moot when he [has been] transferred to another facility and [is] no longer subject to those conditions").

3

In sum, Plaintiff has failed to cure the shortcomings of the claim that he attempted to bring against Defendant Grinde in his initial complaint. Thus, the Court finds that Plaintiff's third amended complaint, like his original complaint, fails to state a cause of action against Defendant Grinde. Because Plaintiff still has not pleaded an actionable claim for relief against Defendant Grinde, the Court recommends, once again, that Grinde be dismissed from this action.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendant Dianne Grinde be dismissed pursuant to 28 U.S.C. § 1915A(b).

2. Plaintiff's claims against the remaining eight Defendants listed in the third amended complaint be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated: April 20, 2010

    s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 4, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.