# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ASHAUNTI QUANTAY PROWELL,<br><br>Plaintiff,<br><br>v.<br><br>PK, *Staff*; DR. ANDREW SCHOCK;<br>M.D. TORE DETLIE; YASER EL-MAMMAMY; DANIEL C. RANDA;<br>JEFFREY J. ROBERG; MARTIN ZADNIK; and LINDA LOKEN,<br><br>Defendants. | Civil No. 09-2409 (JRT/JJK)<br><br>**ORDER ADOPTING REPORT &<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE<br>DATED MAY 24, 2011** |

Ashaunti Quantay Prowell, #10819-041, United States Penitentiary Atwater, P.O. Box 019001, Atwater, CA 95301, pro se.

Barry G. Vermeer and Henry A. Parkhurst, **GISLASON & HUNTER LLP**, 701 Xenia Avenue South, Suite 500, Minneapolis, MN 55416, for defendants Schock, Detlie, and Randa.

Kelly Ann Putney and Rachel B. Peterson, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendants El-Mammamy, Zadnik, and Loken.

Chad W. Strathman, **EMERGENCY PHYSICIANS P.A.**, 5435 Feltl Road, Minnetonka, MN 55343, for defendant Roberg.

Plaintiff Ashaunti Quantay Prowell, a federal prison inmate, filed suit under 42 U.S.C. § 1983 against numerous health care providers who participated in his treatment on November 19-25, 2006, at Mercy Hospital in Anoka County, Minnesota. Prowell alleges that defendants were deliberately indifferent to his serious medical needs while he

was a patient at Mercy, in violation of the Eighth Amendment.  Specifically, Prowell alleges that defendants' failure to properly diagnose and treat a back injury resulted in his subsequent need for back surgery.  On May 24, 2011, United States Magistrate Judge Jeffrey J. Keyes issued a Report and Recommendation ("R&R") recommending that the Court grant motions to dismiss filed by seven defendants, dismiss without prejudice Prowell's claims against an eighth defendant, and deny Prowell's Motion for Appointment of a Court Appointed Medical Expert Witness.  (Docket No. 112.)  Having conducted a *de novo* review of those portions of the R&R to which Prowell objects, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court overrules Prowell's objections and adopts the R&R in its entirety.

## ANALYSIS

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and internal citations omitted).  The Court liberally construes pleadings submitted by a pro se litigant, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but to avoid dismissal Prowell's Third Amended Complaint (Docket No. 43) still must contain sufficient allegations to support an actionable claim. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).  The Magistrate Judge found that Prowell's Third Amended Complaint does not contain sufficient allegations to support either of these elements. (R&R at 14-15, Docket No. 112.)  Prowell has not objected to the Magistrate Judge's conclusion that his Third Amended Complaint contains no allegations suggesting that any of the moving defendants[1] are state actors.  The events underlying Prowell's claim occurred at a private hospital, where the moving defendants are presumably employed. While "[a] private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function traditionally exclusively reserved to the state[,]" *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quotation marks omitted), Prowell has not pleaded facts which, if proven true, would establish that any moving defendant meets this standard.  On this basis alone, the Court would be obliged to adopt the R&R and grant the defendants' motions.

The Magistrate Judge also found, in the alternative, that even if the moving defendants could be viewed as state actors for purposes of § 1983 liability, the Third Amended Complaint does not contain sufficient allegations to support an Eighth

---

[1] The Magistrate Judge recommended dismissing defendant P.K., whom the Third Amended Complaint suggests is an Anoka County Jail employee, on the ground that Prowell furnished no evidence that P.K. was properly served.  Prowell has not challenged that portion of the R&R.  Accordingly, the Court dismisses P.K. without prejudice.

Amendment violation. Prowell's objections focus on this aspect of the R&R. Prowell argues that he sufficiently pleaded facts regarding the defendants' "misfeasance, neglect, and misdiagnosis which later lead to his having to undergo a serious surgery." (Pl.'s Obj. at 2, Docket No. 116.) He specifically objects to the dismissal of defendants Jeffrey Roberg, Andrew Schock, and Martin Zadnik. The Third Amended Complaint alleges only that Roberg performed a preliminary examination of Prowell when he entered the emergency room, issued an initial diagnosis, recommended Prowell's admission, and discussed possible treatment with two other doctors. Schock, according to the Third Amended Complaint, submitted an assessment of Prowell's condition to a neurosurgeon stating that "[a]t this point, [Prowell's injury] does not appear to [present a] surgical condition." The Third Amended Complaint alleges that Zadnik simply wrote a status report. The import of Prowell's allegations is a claim of misdiagnosis.

Allegations of mere misdiagnosis and negligence, however, do not support a claim for cruel and unusual punishment under the Eighth Amendment. "[T]he offending conduct must be **wanton**" to constitute an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991) (emphasis original). In the context of a prisoner's medical care, the standard is "deliberate indifference." *Estelle*, 429 U.S. at 104. "A prison official is deliberately indifferent if she knows of and disregards a serious medical need or a substantial risk to an inmate's health or safety." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quotation marks omitted). As the Eighth Circuit has made clear,

> [m]edical malpractice alone . . . is not actionable under the Eighth Amendment. For a claim of deliberate indifference, the prisoner must show more than negligence, **more even than gross negligence**, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness . . . .

*Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (emphasis added) (internal citations and quotation marks omitted). "**Negligent misdiagnosis does not create a cognizable claim under § 1983**." *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) (emphasis added) (citing *Estelle*, 429 U.S. at 106). Accepting as true the assertions in Prowell's Third Amended Complaint and **his own characterization** of his claim, his allegations do not rise to the level of an Eighth Amendment violation. The allegations specifically relating to Roberg, Schock, and Zadnik fall far below the necessary threshold.

Moreover, the Court agrees with the Magistrate Judge's unchallenged recommendation that Prowell not be permitted leave to replead, presuming that he has implicitly moved to do so. He has already had three chances to submit a complaint with actionable allegations against the defendants, and his objections to the R&R do not suggest that he has a factual basis for asserting a § 1983 claim against any moving defendant. Accordingly, the Court concludes that further amendment to Prowell's complaint would be futile. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 755 (8th Cir. 2006) ("[D]enial of leave to amend may be justified when the amendment is futile."). In addition, Prowell does not appear to have objected to the Magistrate Judge's

disposition of his Motion for Appointment of a Court Appointed Medical Expert Witness, and the Court adopts the R&R in that regard.

### ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** Prowell's objections [Docket No. 116] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated May 24, 2011 [Docket No. 112]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendants Schock, Randa, and Detlie's Motion to Dismiss [Docket No. 62] is **GRANTED**.

2.     Defendant Roberg's Motion to Dismiss [Docket No. 68] is **GRANTED**.

3.     Defendants Loken, Zadnik, and El-Mammamy's Motion to Dismiss [Docket No. 74] is **GRANTED**.

4.     Plaintiff's claims against defendant P.K. are **DISMISSED** without prejudice.

5.     Plaintiff's Motion for Appointment of a Court Appointed Medical Expert Witness [Docket No. 82] is **DENIED.**

6.     This action is **DISMISSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 16, 2011                    s/ John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                  United States District Judge